

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| CHRISTOPHER M. NORTON, | |
| Plaintiff, | 3:07-cv-00383-BES-VPC |
| vs. | |
| GLEN WHORTON, et al. | ORDER |
| Defendants. | |

This *pro se* civil rights suit by a prisoner in custody of the Nevada Department of Corrections comes before the Court for initial review pursuant to 28 U.S.C. § 1915A. The initial partial filing fee has been paid.

Pursuant to the Prison Litigation Reform Act of 1995 (PLRA), when a "prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," the Court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *North Star Intern. v. Arizona Corp. Comm'n*, 720 F.2d 578, 580 (9th Cir. 1983). In considering whether the plaintiff has stated a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are to be construed in the light most favorable to the plaintiff. *Russell*

*v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972)(per curiam).

Plaintiff seeks to bring a claim for damages under 42 U.S.C. § 1983 against the defendants in their individual and official capacities. The claims arise, in the main, out of an alleged failure to protect plaintiff from an attack by another inmate.

While the majority of the complaint presents potentially actionable claims, the complaint is deficient in a number of respects.

First, to the extent that plaintiff may seek monetary damages from the individual defendants in their official capacity, the claims are barred by state sovereign immunity under the Eleventh Amendment. *See, e.g., Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *Cardenas v. Anzal*, 311 F.3d 929, 934-35 (9th Cir. 2002). State sovereign immunity limits the jurisdiction of the federal courts and can be raised at any time during the judicial proceedings either by the parties or by the court *sua sponte*. *In re Jackson*, 184 F.3d 1046, 1048 (9th Cir. 1999). Plaintiff cannot sue the defendants for monetary damages in federal court.

Second, the complaint fails to state a claim against defendant S/CO Cafer. The complaint lists Cafer as a defendant and states only that the defendant "did not keep inmate Norton safe from harm by other inmate and could have sent inmate Norton to L.C.C. as he should have done and it's noted." #1-2, at 2. The complaint otherwise does not contains any factual allegations in the body of the complaint tending to establish either that this defendant had any personal involvement in the circumstances leading to the attack on plaintiff or that this defendant knew that plaintiff was at an increased risk of being attacked but failed to take appropriate action to protect him.

Third, while Count II otherwise presents potentially actionable claims, Count II also includes allegations based upon defendant Baca yelling at plaintiff. Alleged verbal harassment fails to state a claim under Section 1983. *See, e.g., Freeman v. Arpaio*, 125 F.3d 732, 735 & 738 (9th Cir. 1997); *Oltarzewski v. Ruggiero*, 830 F.3d 136, 139 (9th Cir. 1987); *Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987).

Fourth, Count II further appears to include allegations regarding the loss of credit against plaintiff's sentence. Any claim challenging a loss of credits affecting the duration of the plaintiff's sentence is not cognizable under Section 1983. *See Edwards v. Balisok*, 520 U.S. 641, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997).

Fifth, while Count III otherwise presents potentially actionable claims based upon alleged actual knowledge by defendant Whorton, Count III further includes allegations attempting to base liability solely upon his position as director. A supervisory official may be held liable under Section 1983 in his individual capacity only if he either was personally involved in the constitutional deprivation or a sufficient causal connection existed between his unlawful conduct and the constitutional violation. *See, e.g., Jackson v. City of Bremerton*, 268 F.3d 646, 653 (9th Cir. 2001).

IT THEREFORE IS ORDERED that the Clerk of Court shall file the complaint but shall withhold service at this time.

IT FURTHER IS ORDERED that, within thirty (30) days of entry of this order, plaintiff shall file an amended complaint on a fully and properly completed Section 1983 form that corrects, to the extent possible, the deficiencies identified in this order. Failure to timely file an amended complaint that corrects the deficiencies identified herein will result in dismissal of this action without further advance notice.

IT FURTHER IS ORDERED that plaintiff further shall clearly title the amended complaint as an amended complaint by placing the word "AMENDED" immediately above "Civil Rights Complaint" on page 1 in the caption and shall place the docket number, 3:07-cv-00383-BES-VPC, above the word "AMENDED" in the space for "Case No."

The Court informs plaintiff that under Local Rule LR 15-1 any amended complaint filed must be complete in itself without reference to prior filings. Thus, any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint no longer will be before the Court.

///

///

1  The Clerk of the Court shall provide plaintiff with two copies of a blank Section 1983
2  complaint form along with a copy of the original complaint that he submitted.
3  DATED: This 10TH day of April, 2008.

———————————————
BRIAN E. SANDOVAL
United States District Judge