**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CHRISTOPHER NORTON ) | 3:07-cv-00383-BES-VPC |
| Plaintiff, ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | **OF U.S. MAGISTRATE JUDGE** |
| GLEN WHORTON, *et al.*, ) | |
| ) | July 29, 2009 |
| Defendants. ) | |

This Report and Recommendation is made to the Honorable Brian E. Sandoval, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is defendants Robinson, Robinson, and Capper's motion to dismiss, or in the alternative, motion for summary judgment (#34).[1] Plaintiff opposed (#40) and defendants replied (#41). The court has thoroughly reviewed the record and the motion and recommends that defendants' motion to dismiss, or in the alternative, motion for summary judgment (#34) be granted.

**I. HISTORY & PROCEDURAL BACKGROUND**

Plaintiff Christopher Norton ("plaintiff"), a *pro se* prisoner, is currently incarcerated at Lovelock Correctional Center ("LCC") in the custody of the Nevada Department of Corrections ("NDOC") (#10). Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging that defendants violated his Eighth and Fourteenth Amendment rights while he was incarcerated at High Desert State Prison ("HDSP"). *Id*. Plaintiff names as defendants Isidro Baca, Associate Warden of Operations at HDSP, Charles Robinson, Shift Sergeant at HDSP, Reginald Robinson and Allen Capper, Correctional Officers at HDSP, and Glen Whorton, former Director of NDOC. *Id*.

---

[1] Defendants Baca and Whorton have filed a separate motion to dismiss (#21), which will be addressed in a separate order.

Plaintiff asserts three claims for relief. In count I, plaintiff alleges that defendant Officer R. Robinson violated his Eighth Amendment rights when he opened the door to plaintiff's cell and failed to protect him from an assault by another inmate, which destroyed plaintiff's hearing aid and caused plaintiff further hearing damage. *Id*. p. 4. Plaintiff claims that defendants Baca and Sergeant C. Robinson also failed to protect him from this assault because they improperly housed him at HDSP despite their knowledge of "the environment of HDSP." *Id*. In count II, plaintiff alleges that defendant Baca subjected him to cruel and unusual punishment when he placed him in administrative segregation at HDSP, and did not grant plaintiff's requests to be transferred to LCC from January 2006 through January 2007. *Id*. p. 5. Because of this placement, plaintiff asserts that he was not able to attend school or the sex offender program during 2006. *Id*. In count III, plaintiff contends that defendant Whorton improperly placed plaintiff at HDSP, despite his knowledge that sex offenders were assaulted by other inmates at HDSP, which violated plaintiff's Eighth and Fourteenth Amendment rights. *Id*. p. 6.[2]

The court notes that the plaintiff is proceeding *pro se*. "In civil rights cases where the plaintiff appears *pro se*, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988); *see also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

## II. DISCUSSION & ANALYSIS

**A.    Discussion**

    **1.    Motion to dismiss for failure to state a claim**

When considering a motion to dismiss for failure to state a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are construed in the light most favorable to the non-moving party. *Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994); *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). For the movant to succeed, it must appear to a certainty that plaintiff will not be entitled to relief under the facts alleged in the

---

[2] Plaintiff's amended complaint was also dismissed in part "to the extent: (a) that the amended complaint seeks monetary relief under 42 U.S.C. § 1983 from certain defendants in their official rather than individual capacity; and (b) that it seeks relief on Count II based upon defendant Baca yelling at plaintiff" (#11).

2

complaint. *Rothman v. Vedder Park Mgt.*, 912 F.2d 315, 316 (9th Cir. 1990). Under section 1983, plaintiff must allege that (1) defendants subjected him to the deprivation of a right, privilege or immunity guaranteed by the U.S. Constitution or federal law, and (2) that the defendants acted under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). "Conclusionary allegations, unsupported by facts, [will be] rejected as insufficient to state a claim under the Civil Rights Act." *Jones v. Community Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (quotations omitted).

### 2.     Failure to Exhaust Administrative Remedies

The Prison Litigation Reform Act of 1996 (the "PLRA") amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (2002).

Although once within the discretion of the district court, the exhaustion of administrative remedies is now mandatory. *Booth v. C.O. Churner*, 532 U.S. 731 (2001). Those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'" *Porter v. Nussle*, 534 U.S. 516, 524 (2002), citing *Booth*, 532 U.S. at 739-40, n.5. Even when the prisoner seeks remedies not available in the administrative proceedings, notably money damages, exhaustion is still required prior to filing suit. *Booth*, 532 U.S. at 741. Recent case law demonstrates that the Supreme Court has strictly construed section 1997e(a). *Id.* at 741, n.6 ("[w]e will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise").

All administrative remedies must be exhausted before the action is "brought" by a prisoner. In *Vaden v. Summerhill*, the Ninth Circuit adopted the Seventh Circuit rule that "an action is 'brought' for purposes of § 1997e(a) when the complaint is tendered to the district clerk." 449 F.3d 1047, 1050 (9th Cir. 2006). Additionally, the court must dismiss if exhaustion requirements are not met when the suit is brought, "even if the plaintiff exhausts his

3

1   administrative remedies while the litigation is pending." *Id.*

2   Failure to exhaust is an affirmative defense under the PLRA rather than a jurisdictional
3   requirement. As such, inmates are not required to specifically plead or demonstrate exhaustion
4   in their complaints. *Jones*, 127 S.Ct. at 921. Rather, it is the defendant's responsibility to raise
5   failure to exhaust as an affirmative defense.

6   **3.     NDOC Grievance Procedure**

7   The NDOC grievance procedure is governed by A.R. 740 (#12, Ex. A). In order to exhaust
8   available remedies, A.R. 740 requires as follows: (1) an informal review process; (2) a first level
9   formal grievance appealing the informal grievance decision to the warden; and (3) a second level
10  grievance, which is decided by the Assistant Director of Operations. *Id*. A.R. 740 requires NDOC
11  officials to respond at each grievance level within a specified time period, beginning from the
12  date of receipt of the inmate's grievance. *Id*. Inmates are given six months to file an informal
13  grievance when the claims involve personal property damage or loss, personal injury, medical
14  claims or any other torts claims. *Id*., p. 14. Plaintiff then has five days after the return of a
15  decision based on the level of review to appeal the decision. *Id.*

16  **B.     Analysis**

17  Defendants argue that all three counts of plaintiff's complaint should be dismissed
18  because plaintiff failed to exhaust his administrative remedies before filing the instant action, as
19  is required by the PLRA and AR 740 (#34, p. 7). Specifically, with regard to count I, defendants
20  claim that plaintiff filed an informal grievance on or about January 9, 2006, complaining about
21  the August 25, 2006 assault. *Id*. p. 10. Plaintiff also filed three additional informal legal
22  grievances regarding the assault, but failed to file first or second level grievances. *Id*. Therefore,
23  plaintiff failed to exhaust his administrative remedies with regard to count I. With regard to
24  counts II and II, defendants claim that plaintiff filed only one informal grievance on September
25  12, 2005 complaining of being in administrative segregation at HDSP. *Id*. p. 11. Plaintiff failed
26  to file first or second level grievances. *Id*. Plaintiff responds that he did file the appropriate levels
27  of grievances (#40, citing grievance numbers 200626487, 2006263646, 2006267595, and
28  2006267853). Plaintiff also requests court appointed counsel. *Id*. Plaintiff replies that plaintiff

4

1 failed to file points and authorities in his opposition; therefore, plaintiff has consented to the
2 granting of the motion (#41, p. 2). Moreover, plaintiff does not have a right to court appointed
3 counsel. *Id*.

4       The PLRA mandates that inmates exhaust their administrative remedies prior to filing suit.
5 As such, plaintiff was required to file three levels of grievances within the time periods prescribed
6 by AR 740. With regard to count I, the evidence demonstrates that plaintiff filed informal
7 grievance number 200626487 on January 9, 2006, complaining that he had been the victim of an
8 assault on August 25, 2005, and requesting a written record of the incident to do get a reversal
9 of charges for $25 (#34-2, ex. A). Defendants responded that plaintiff's grievance was "not
10 acceptable" and informed him that he could not use a grievance to write a kite and that he should
11 speak with his caseworker to resolve the matter informally. *Id*. Plaintiff did not appeal this
12 grievance to the first or second level. Plaintiff filed grievance 2006263646 on March 8, 2006,
13 requesting the name and identification number of the inmate who assaulted him. This grievance
14 was denied. *Id*. Plaintiff did not file a first or second level grievance. Plaintiff filed grievance
15 2006267595 on May 18, 2006, requesting the name of the inmate who assaulted him. This
16 grievance was denied and plaintiff filed a first level grievance on June 22, 2006, which was also
17 denied. Plaintiff did not file a second level grievance. *Id*. Plaintiff filed grievance 2006267853
18 on May 24, 2006, again requesting the name and identification number of the inmate who
19 assaulted him. *Id*. Plaintiff's informal grievance was denied and plaintiff did not file a first or
20 second level grievance. *Id*. Pursuant to AR 740, plaintiff was required to appeal his informal
21 grievances within five days after he received defendants' response. Plaintiff was also required to
22 appeal his first level grievance within five days of the defendants' response. Plaintiff states that
23 he did file the "next level of [his] grievance" for all four of the grievances listed above. However,
24 plaintiff does not attach any evidence to support this statement. Defendants have submitted
25 plaintiff's "Inmate Issue History," which demonstrates that plaintiff did not appeal any of these
26 grievances to the second level. As such, plaintiff failed to exhaust his administrative remedies,
27 and defendants' motion to dismiss, or in the alternative, motion for summary judgment (#34) is
28

5

1 granted with regard to count I.

2 With regard to counts II and III, plaintiff only filed one informal grievance complaining that he should not be housed in administrative segregation at HDSP. *Id*. Plaintiff filed this grievance on January 12, 2005, which is before the January 2006 through January 2007 time period he describes in his complaint. Further, plaintiff did not appeal the denial of his grievance. *Id*. As the evidence demonstrates that plaintiff only filed one informal grievance with regard to his claims in counts II and III, plaintiff failed to exhaust his administrative remedies. Therefore, defendants' motion to dismiss, or in the alternative, motion for summary judgment (#34) is granted with regard to counts II and III.[4]

### III. CONCLUSION

Based on the foregoing and for good cause appearing, the court concludes that plaintiff failed to exhaust his administrative remedies prior to filing his complaint. As such, the court recommends that defendants' motion to dismiss, or in the alternative, motion for summary judgment (#34) be **GRANTED** and the action be dismissed without prejudice as to defendants Charles Robinson, Reginald Robinson, and Allan Capper.

The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this report and recommendation within ten days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

---

[3] Defendants also argue that plaintiff's complaint should be dismissed as to count I because it is barred by the statute of limitations (#34, p. 6-7). The court declines to address this arguments because it found that plaintiff filed to exhaust his administrative remedies and dismissed plaintiff's complaint on such grounds.

[4] With regard to plaintiff's request for court appointed counsel, the court previously denied such a request, determining that plaintiff "has demonstrated that he is able to litigate this case on his own. He has filed a complaint and motion with the court. The plaintiff may have the assistance of law clerks at the prison. Moreover, none of the issues in this case appears to be particularly complex" (#26).

    2.    This report and recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

### IV. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that defendants' motion to dismiss, or in the alternative, motion for summary judgment (#34) be **GRANTED** and the action be dismissed without prejudice as to defendants Charles Robinson, Reginald Robinson, and Allan Capper.

**DATED:** July 29, 2009

*/s/ Valerie P. Cooke*
_____
**UNITED STATES MAGISTRATE JUDGE**